UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00424-JMS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

Charles Scott seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

**I.**

In 1999, Mr. Scott was convicted of one count of conspiring to violate the Hobbs Act in violation of 18 U.S.C. § 1951 (count 1), three Hobbs Act violations, in violation of 18 U.S.C. § 1951 (counts 2, 4, 8), and three counts of carrying a firearm in connection with a violent crime, in violation of 18 U.S.C. 924(c) (counts 3, 5, 9). *United States v. Scott*, No. 1:99-cr-86-2 (N.D. Indiana 1999) (hereinafter "Crim. Dkt."), Dkt. 86. Mr. Scott was sentenced to 618 months of imprisonment – 78 months on each of Counts 1, 2, 4, and 8, all to be served concurrently; 60 months on Count 3, to be served consecutively to the terms imposed on Counts 1, 2, 4, and 8; and 240 months on each of Counts 5 and 9, to be served consecutively to each other and consecutively to the terms imposed on Counts 1, 2, 3, 4, and 8. Crim. Dkt. 182.

Mr. Scott and his co-conspirators appealed their convictions and the Seventh Circuit affirmed in all respects, concluding "[t]he trial was fair and the convictions are well supported."

*United States v. Buggs*, 6 Fed. Appx. 484, 488 (7th Cir. 2001). The United States Supreme Court denied Mr. Scott's request for a writ of certiorari. *Scott v. United States*, 534 U.S. 1043 (2001).

Mr. Scott then filed for relief under 28 U.S.C. § 2255, presenting several ineffective assistance of counsel claims against both trial and appellate counsel. Crim. Dkt. 233. The Northern District of Indiana denied his claim, finding that "Scott's constitutional rights have been respected, and that the sentence imposed was the culmination of fundamentally fair proceedings." Crim. Dkt. 285. The Seventh Circuit then denied Scott's request for a certificate of appealability. Crim. Dkt. 302.

Mr. Scott has filed six additional § 2255 motions with similar claims, all of which were denied by the Northern District of Indiana and relevant notice of appeals dismissed by the Seventh Circuit. Crim. Dkt. 305, 308, 315, 317, 339, 342, 345, 354, 361, 367, 373, 384, 386, 400, 401.

## II.

Mr. Scott now files a § 2241 petition challenging, as in the prior habeas action and his direct appeal, the lawfulness of his conviction. Mr. Scott seeks habeas relief pursuant to 28 U.S.C. § 2241(c)(3), invoking the savings clause of 28 U.S.C. § 2255(e). "A federal prisoner may use a [28 U.S.C.] § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

> In the wake of [*In re] Davenport*, [147 F.3d 605 (7th Cir. 1998),] we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611

(referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017).

Mr. Scott contends that his conviction under 18 U.S.C. § 2, aiding and abetting a crime of violence using or carrying a firearm, is no longer valid given the holding in *Rosemond v. United States*, 134 S. Ct. 1240 (2014). Mr. Scott's focus is on the lack of "physical or tangible evidence presented as to a firearm" because there are no pictures of a firearm, and only witness testimony as to the use of firearm. *See* Dkt. 1 at 2-4. He claims that under *Rosemond* the jury instructions were erroneous in that they failed to advise the jury as to what constitutes a firearm for a 924(c) violation. *See id.* at 3.

In *Rosemond,* the Supreme Court clarified the standard for showing that a defendant aided and abetted a § 924(c) offense. The Supreme Court explained that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun." *Rosemond,* 134 S. Ct. at 1249. A conviction for aiding-and-abetting "requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime." *Id.* at 1248. Further, "the intent must go to the specific and entire crime charged." *Id.* For example, in *Rosemond,* intent was required for the full scope of a § 924(c) violation (predicate drug crime plus gun use). *Id.* The Court explained that "[t]o aid and abet a crime, a defendant must not just 'in some sort associate himself with the venture,' but also 'participate in it as in something that he wishes to bring about' and 'seek by his action to make it succeed.'" *Id.* (quoting *Nye & Nissen v. United States,* 336 U.S. 613, 619 (1949)).

*Rosemond*'s holding has been declared retroactive. *Rosemond* "addressed the requirements for criminal lability under § 924(c), is a substantive rule," and is applicable retroactively to cases on collateral review. *Montana*, 829 F.3d at 783-84.

The first two elements to properly invoke the savings clause of 28 U.S.C. § 2255(e) are present. Mr. Scott's petition fails, however, when the third element is sought. Specifically, *Rosemond* does not cast the slightest doubt on Mr. Scott's conviction for aiding and abetting because he was convicted based on his own conduct violative of the statute, rather than on a theory of accomplice liability. Specifically, Mr. Scott and others used firearms in five robberies between September 1997 and February 1999, and at times a semi-automatic assault weapon. *See* Dkt. 13 (sealed) at 6. With respect to the September 6, 1997, Robert of Value Mart, Mr. Scott was identified as armed with an AK47 and he removed a .357 revolver from the security guard. *Id.* At the robbery that occurred at The Store, Inc. on February 26, 1998, Mr. Scott again was seen with a firearm. As explained above, because the evidence established that Mr. Scott himself possessed a firearm, *Rosemond* is inapplicable and Mr. Scott's reliance on *Rosemond* is misplaced. His arguments fail to establish the elements of a claim sufficient to trigger the savings clause of 28 U.S.C. § 2255(e). All Mr. Scott has done, in fact, is to seek relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the pleadings and the history of the conviction he now challenges.

Accordingly, the petitioner's § 2241 petition is dismissed with prejudice. Final Judgment in accordance with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 6/25/2018

*[Signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES SCOTT
05917-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov